**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHAN ZOURAS LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-943 |
| v. | ) ) | Magistrate Judge Young B. Kim |
| AMERICAN REGISTRY LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Submitted by:

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*

**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260
www.siprut.com

*Attorneys for Plaintiff and the Settlement Class*

**TABLE OF CONTENTS**

I. INTRODUCTION...................................................................................................1

II. PROCEDURAL HISTORY ....................................................................................2

III. THE PROPOSED SETTLEMENT .......................................................................4

  A. Certification Of the Proposed Class...........................................................4

  B. Class Relief ................................................................................................4

  C. Class Notice ...............................................................................................5

  D. Service Awards to Class Representatives ...................................................6

  E. Attorneys' Fees and Expenses ...................................................................6

IV. THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY
  APPROVED .........................................................................................................6

  A. The Proposed Settlement Satisfies the Fairness Criteria ...................................6
   1. Strength of the Case ........................................................................7
   2. Risk, Expense, & Complexity of Case .............................................8
   3. The Opinion of Counsel ..................................................................9
   4. Extent of Discovery.........................................................................9
   5. Presence of Governmental Participants...........................................10

V. THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE
  FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE
  APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE
  SETTLEMENT SHOULD BE SCHEDULED ........................................................10

  A. The Class Should be Provisionally Certified .................................................10
   1. Numerosity – F.R.C.P. 23(a) .........................................................11
   2. Commonality/Predominance – F.R.C.P. 23(a)(2) and 23(b)(3) ..............12
   3. Typicality – F.R.C.P. 23(a)(3) ........................................................14
   4. Adequacy of Representation – F.R.C.P. 23(a)(4)....................................14
   5. Superiority – F.R.C.P. 23(b)(3) .......................................................15

  B. The Form and Method of Service of Class Notice Should Be Approved........16

  C. The Court Should Schedule A Hearing For Final Settlement Approval .........17

VI. CONCLUSION......................................................................................................18

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)..................................................................................................11, 12, 16

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)..................................................................................................17, 18

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 (2011)..................................................................................................13

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Armstrong v. Board of Sch. Dirs. of City of Milwaukee,*
616 F.2d 305 (7th Cir. 1980) ..................................................................................7

*Butler v. Sears, Roebuck & Co.,*
2012 WL 5476831 (7th Cir. Nov. 13, 2012) ..................................................14

*Carnegie v. Household International, Inc.,*
376 F.3d 656 (7th Cir. 2004) ..................................................................................16

*Eubank v. Pella Corp.,*
753 F.3d 718 (7th Cir. 2014) ..................................................................................16

*Donovan v. Estate of Fitzsimmons,*
778 F.2d 298 (7th Cir. 1985) ..................................................................................9

*In re Corrugated Container Antitrust Litigation,*
643 F.2d 195 (5th Cir. 2010) ..................................................................................11

*Ira Holtzman, C.P.A. v. Turza,*
728 F.3d 682 (7th Cir. 2013) ..................................................................................13

*Isby v. Bayh,*
75 F.3d 1191 (7th Cir. 1996) ..................................................................................7

*Patterson v. Gen. Motors Corp.,*
631 F.2d 476 (7th Cir. 1980) ..................................................................................13

*Rosario v. Livaditis,*
963 F.2d 1013 (7th Cir. 1992) ..................................................................................13

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.,*
463 F.3d 646 (7th Cir. 2006) ..................................................................................7, 8

*Szabo v. Bridgeport Machines, Inc.,*
249 F.3d 672 (7th Cir. 2001) ..................................................................................12

*Williams v. Chartwell Fin. Serv., Ltd.*,
204 F.3d 748 (7th Cir. 2000) ........................................................................... 11

**UNITED STATES DISTRICT COURT CASES**

*Fletcher v. ZLB Behring LLC*,
245 F.R.D. 328 (N.D. Ill. 2006) ...................................................................... 14

*Gomez v. Ill. State Bd. of Educ.*,
117 F.R.D. 394 (N.D. Ill. 1987) ...................................................................... 15

*Hinman v. M and M Rental Ctr., Inc.*,
545 F. Supp. 2d 802 (N.D. Ill. 2008) .............................................................. 15

*In re AT&T Mobility Wireless Data Services Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) ........................................................................ 8

*In re Neopharm, Inc. Securities Litigation*,
225 F.R.D. 563 (N.D. Ill. 2004) ...................................................................... 15

*Kessler v. Am. Resorts Int'l*,
2007 WL 4105204 (N.D. Ill. Nov. 14, 2007) ................................................... 7

*Maxwell v. Arrow Fin. Servs., LLC*,
2004 WL 719278 (N.D. Ill. March 31, 2004) ................................................. 12

*Pope v. Harvard Banchares, Inc.*,
40 F.R.D. 383 (N.D. Ill. 2006) ........................................................................ 12

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003) ...................................................................... 15

*Scholes v. Stone, McGuire, & Benjamin*,
143 F.R.D. 181 (N.D. Ill. 1992) ...................................................................... 13

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) .......................................................... 7, 10

*Smith v. Nike Retail Servs., Inc.*,
234 F.R.D. 648 (N.D. Ill. 2006) ...................................................................... 12

*Whitten v. ARS Nat'l Servs. Inc.*,
2001 WL 1143238 (N.D. Ill. Sept. 27, 2001) ................................................. 13

**STATUTES AND FEDERAL RULES**

28 U.S.C. § 1715 ............................................................................................... 11

47 U.S.C. § 227 .............................................................................................. 1, 8

Fed. R. Civ. P. 23 .................................................................................... *passim*

**MISCELLANEOUS**

MANUAL FOR COMPLEX LITIGATION
(4th ed. 2004) ................................................................................................................11, 18

Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS
(4th ed. 2001). ........................................................................................................12, 13, 17

Pursuant to Fed. R. Civ. P. 23, Plaintiff Stephan Zouras LLP ("Plaintiff"), by its counsel, respectfully submits the following Motion for Preliminary Approval of Proposed Class Settlement, and moves for an Order: (1) preliminarily approving the Agreement[1] as being fair, reasonable, and adequate; (2) preliminarily approving the form, manner, and content of the Notice and Claim Form; (3) setting the date and time of the Fairness Hearing for no earlier than 150 days from the date preliminary approval is granted; (4) provisionally certifying the Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only ("Class"); and (5) provisionally appointing Plaintiff as representative of the Class; and (6) provisionally appointing Joseph J. Siprut and Siprut PC as Class Counsel.

## I. INTRODUCTION

Plaintiff and Defendant American Registry LLC ("American Registry") have entered into a Settlement Agreement (the "Settlement Agreement" or "Settlement") in the above-referenced matter. (Exhibit 1 attached hereto.) The Settlement Agreement — a product of extensive negotiations — settles the dispute relating to alleged advertisements sent to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

Under the terms of the Settlement Agreement, each Class member may submit an Approved Claim for $20.00 – cash – to be paid from the Settlement Fund, plus an additional in-kind benefit for video promotional materials valued at $179. American Registry shall also pay all costs associated with the Settlement, including valid claims, all reasonable costs of notifying the Class and administering the Settlement, Class Counsel's fees and costs, and the Class Representative's Incentive Award. This Settlement Fund represents the limit and extent of

---

[1] Unless otherwise stated herein, capitalized terms shall have the same meaning as provided in the Parties' Settlement Agreement, attached hereto as Exhibit 1.

American Registry's monetary and in-kind obligations under this Agreement for the payments of valid claims.

Although both sides believe their respective positions in the action are meritorious, they have concluded that, due to the uncertainties and expense of protracted litigation, it is in the best interest of Plaintiff, the putative settlement Class, and American Registry to resolve this action on the terms provided in the proposed Settlement Agreement attached hereto.

## II.    PROCEDURAL HISTORY

A.    Plaintiff filed its class action complaint ("Complaint") on February 11, 2014 against American Registry. The case is currently pending before this Court. On behalf of itself and a proposed class of all individuals or entities in the United States who were sent facsimile advertisements from or on behalf of American Registry, Plaintiff alleged that American Registry sent (or had sent on its behalf) facsimile advertisements to unwilling recipients in violation of the TCPA.

B.    After receiving service of process, American Registry contacted Plaintiff in February 2014. Between February and April 2014, the Parties had an extensive series of communications in which they exchanged information voluntarily, discussed and exchanged viewpoints on the law, and had a number of specific conversations regarding American Registry's specific defenses to liability and class certification.

C.    American Registry filed its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint on April 7. Meanwhile, the Parties continued their discussions.

D.    The Parties filed a Joint Initial Status Report on April 21, wherein the Parties proposed a discovery schedule and requested a settlement conference.

E.    On April 24, District Judge Robert M. Dow, Jr. entered a discovery schedule and referred the Action to Magistrate Judge Young B. Kim for a settlement conference.

**F.**     Plaintiff moved to strike portions of American Registry's Answer and Affirmative Defenses on April 28.

**G.**     On May 2, Magistrate Judge Kim held a preliminary telephonic settlement conference with the Parties and scheduled an in-person conference for June 25.

**H.**     Magistrate Judge Kim instructed the Parties to conduct necessary discovery to better assess their settlement positions and to submit the settlement position statements in accordance with the Court's standing order on "Settlement Conferences."

**I.**     On May 7, Judge Dow vacated the discovery schedule, and on May 15, Judge Dow continued Plaintiff's motion to strike to provide an additional time for the Parties to explore settlement discussions with Magistrate Judge Kim.

**J.**     In advance of the in-person settlement conference scheduled before Magistrate Judge Kim, the Parties exchanged settlement position statements outlining their respective claims and defenses.

**K.**     On June 25, the Parties appeared for a settlement conference with Magistrate Judge Kim. During the conference, the Parties discussed their legal positions, including the strengths and weaknesses of their arguments. The Parties also discussed American Registry's capability of providing meaningful class-wide relief.

**L.**     After nearly five hours of negotiations, the Parties concluded the conference optimistic of a potential settlement on a class-wide basis.

**M.**     Magistrate Judge Kim continued the settlement conference to July 9.

**N.**     During the July 9 settlement conference, the Parties reported that they are continuing to exchange proposals on a settlement framework that would provide class-wide relief.

O.      The Parties continued their negotiations thereafter, finally reaching agreement on all materials terms of the settlement in October 2014. The Parties then spent several more weeks exchanging drafts of a final, written settlement agreement. After many exchanges of drafts and edits, the Parties were finally able to agree to the form and content of a settlement agreement in October 2014 that has now been fully executed and attached hereto.

## III.      THE PROPOSED SETTLEMENT

The proposed Settlement provides the following:

### A.  Certification of the Proposed Class

The Plaintiff requests that the Court, for the purposes of settlement, certify a Class defined as:

> All individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of Defendant American Registry LLC or who own the fax machines on which the facsimiles were received.
>
> Excluded from the Class are American Registry, any parent, subsidiary, affiliate or controlled person of American Registry, as well as the officers, directors, agents, servants or employees of American Registry and the immediate family members of such persons, and members of the judiciary.

### B.  Class Relief

The Settlement establishes the following relief for Class members:

- **Payments Available to All Class Members.**  Class Members shall have until the Claims Deadline to submit an Approved Claim in accordance with the Notice. American Registry agrees to pay or cause to be paid from the Settlement Fund a sum of twenty dollars ($20.00) per Approved Claim.

- **In-kind Relief.** Class Members submitting an Approved Claim will also have the option of receiving additional in-kind relief, valued at $149, in the form of a six-month video subscription, similar in the form of that found at www.americanregistry.com/video. All video subscriptions issued to Settlement Class Members will include a clear and conspicuous notice that the subscription will expire and become null and void unless registered with the Settlement Administrator within ninety (90) days after the date of issuance. To the extent that a video subscription

-4-

issued to a Settlement Class Member is not registered within ninety (90) days after the date of issuance, the subscription will be void, and such subscriptions shall revert to the Defendant. In no event will the value represented by an unregistered subscription constitute abandoned or unclaimed property, and the Defendant is entitled to the return of the subscriptions.

- **Prospective Relief.** As part of this settlement, American Registry agrees to alter its business practices regarding the obtaining of consent to transmit advertisements to facsimile machines. Specifically, American Registry agrees to modify the script used by its agents when calling individuals or entities for the purpose of transmitting an advertisement via facsimile to state that American Registry is offering products or services for sale associated with the consumer's award.

- **No Unclaimed Property.** All unclaimed or expired checks or video subscriptions shall remain the sole property of American Registry and shall not be treated or considered as unclaimed property.

The Settlement is thus designed to afford relief to as many Class members as possible.

## C. Class Notice

Subject to the Court granting Preliminary Approval of the Settlement and Settlement Agreement, American Registry and the Notice and Claims Administrator will provide the Class with notice of the proposed Settlement by the following methods.

- **Direct Notice:** Within twenty-one (21) days after Preliminary Approval, American Registry shall, based upon a review of the business records and data in its possession, custody or control, disseminate the Notice by electronic mail ("e-mail") to any and all reasonably identifiable Persons who are potential members of the Settlement Class. Notice shall be sent to those Settlement Class Members for which American Registry possesses a complete e-mail address, sent to the last known e-mail address of such Settlement Class member. The E-Mail Notice shall substantially conform to the form attached as Exhibit B. Notice shall be sent by fax to those Settlement Class Members for which American Registry does not possess a complete e-mail address, sent to the last known fax number of such Settlement Class Member.

In order to receive one of the benefits described above and become part of the class member payment list, the class member must submit a Claim Form (attached as Exhibit A to the Settlement Agreement) that is (1) timely, and (2) valid as determined by the Notice and Claims

Administrator, based upon the claims process set forth in Paragraph 5 of the Settlement Agreement.

### D. Service Awards to Class Representative

Subject to Court approval, the Class Representative will request a service award of $2,000 in recognition of its contributions to the Class and the risk it incurred in commencing the action, both financial and otherwise.

### E. Attorneys' Fees and Expenses

The Parties have agreed that American Registry will not oppose Class Counsel's request for total fees and expenses in the amount of $175,000. The Court does <u>not</u> need to award or otherwise rule on Class Counsel's fees at this time. Class Counsel will file a motion for attorneys' fees separately, pursuant to the schedule in the Preliminary Approval Order, and will support the unopposed request for fees in detail.

## IV. THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY APPROVED.

### A. The Proposed Settlement Satisfies The Fairness Criteria.

Both judicial and public policies strongly favor the settlement of class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996). Although the standards to be applied at the preliminary approval stage "are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase." *Kessler v. Am. Resorts Int'l*, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007) (citing *Armstrong v. Board of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980)). The factors considered at this stage include: (i) the strength of the plaintiff's case compared to the amount of the settlement; (ii) an assessment of the likely complexity of trial; (iii) the length and expense of the litigation; (iv) the amount of

opposition to settlement among affected parties; (v) the opinion of counsel; and (vi) the stage of the proceedings and amount of discovery completed. *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2011) *citing Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)).

### 1.    Strength of the Case

Plaintiff alleges that American Registry violated the TCPA by sending fax advertisements to unwilling recipients. Plaintiff contends that American Registry did so without prior express consent and without any established business relationship. The Complaint thus alleges that Plaintiff and the Class are entitled to statutory and actual damages, injunctive relief, and other equitable relief this Court deems appropriate.

American Registry denies liability and contends that it has a number of affirmative defenses that would defeat Plaintiff's claim on both substantive and procedural grounds. For instance, American Registry contends that it had prior express consent from some of the class members such that even if the faxes were advertisements, they were not unsolicited. In addition, American Registry claims that it has an established business relationship within the meaning of 47 U.S.C. § 227(b)(1)(C). If American Registry satisfies the criteria of an established business relationship set forth in that subsection, American Registry's facsimile activity is not unlawful under the TCPA, because Plaintiff has not challenged that fax contained a deficient opt-out notice. Furthermore, American Registry asserts that even if it did not obtain prior express consent of some Class members, there are sufficient individualized issues of consent that would prevent Plaintiff (or any Class member) from certifying a class on a contested basis. Clearly, one of the factors to be considered as to the fairness of a class action settlement is a defendant's willingness and ability to mount just such a vigorous defense.

One of the principal factors the Court considers in the course of preliminary approval is "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel*, 463 F.3d at 653. In doing so, however, "courts should refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *In re AT&T Mobility Wireless Data Services Sales Litig*., 270 F.R.D. 330, 346 (N.D. Ill. 2010) (internal quotations omitted). Moreover, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to the plaintiffs." *Id*. (internal quotations omitted). Rather, an integral part of the Court's strength-versus-merits evaluation "is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985).

As explained above, the Settlement allows Class members to receive monetary, in-kind, and prospective relief. While Plaintiff believes that its claim for maximum statutory damages under the TCPA is strong, Plaintiff is also aware of the inherent risks and costs of continuing with complex litigation of this nature. If American Registry were to prevail on its asserted defenses, Class members, including Plaintiff, would receive no relief *at all*. Given this possibility and American Registry's limited financial resources for a class-action settlement, a monetary payment of $20, the availability of in-kind relief valued at $149 per Class member, and prospective relief is a meaningful achievement. Accordingly, the Settlement provides a tangible benefit to all those affected by American Registry's alleged violation of the TCPA.

### 2. Risk, Expense, & Complexity of Case

Due to the nature of Plaintiff's case, trial will require the collection of evidence and witness testimony from across the country. Both Parties would examine a number of American Registry's current and former employees. American Registry intends to assert a number of

affirmative defenses that it contends bar Plaintiff's claim in whole or in part. American Registry would present — and Plaintiff would necessarily attempt to rebut — evidence and testimony on whether individual Class members provided prior express consent to or had an existing business relationship with American Registry. The uncertainty as to whether these affirmative defenses apply in this case creates substantial risk for both sides. Plaintiff and proposed Class Counsel also recognize that the expense, duration, and complexity of protracted litigation would be substantial, and would require further briefing on numerous substantive issues, evidentiary hearings, and further discovery and the gathering of evidence and witnesses.

### 3. The Opinion of Counsel

"The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23." *Schulte*, 805 F. Supp. 2d at 586-87. Here, Class Counsel has extensive experience in consumer class actions and complex litigation. (Siprut Aff., ¶16.) Based upon proposed Class Counsel's analysis and the information obtained from American Registry, monetary relief of $20 per Class member, in-kind relief of $149, and prospective relief represents a significant recovery for the Class, especially when weighed against American Registry's anticipated defenses and the inherent risks of litigation. Class Counsel believes that the Settlement is beneficial to the Class and meets the class-certification requirements of Rule 23.

### 4. Extent of Discovery

Based upon information exchanged by the Parties, Plaintiff believes it possesses the evidence needed to evaluate the strengths and weaknesses of the case. American Registry has provided Plaintiff with information relating to the nature of the faxes and empirical data concerning the number of faxes sent and received. As such, counsel for each party has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial.

While the Parties have informally exchanged information critical to evaluating the strength of Plaintiff's contentions (and American Registry's defenses), the amount of discovery taken is not a prerequisite to a class action settlement. Courts have noted that, "the label of 'discovery' [either formal or informal] is not what matters. Instead, the pertinent inquiry is what facts and information have been provided." *Schulte*, 805 F. Supp. 2d at 587 (internal citation omitted). *See also in re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 211 (5th Cir. 1981) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted.") (emphasis omitted). Here, information more than sufficient to make a reasonable and informed decision has been procured, meaning that there was a reasonable, informed basis to evaluate the Settlement.

### 5. Presence of Governmental Participants

Although there is no governmental entity participating in this matter as of this time, full and complete notice is being provided to all appropriate state and federal authorities. American Registry will provide such notice which will include all appropriate information and documents required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

### V. THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE SETTLEMENT SHOULD BE SCHEDULED.

### A. The Class Should be Provisionally Certified.

Before preliminary approval of a class action settlement can be granted, the Court must determine that the proposed class is appropriate for certification. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.632. Federal Rule of Civil Procedure 23(a) provides that a class may be certified if (i) the class is so numerous that

joinder of all members is impractical, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative parties are typical of those of the class, and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Williams v. Chartwell Fin. Serv., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

Once the requirements of Rule 23(a) have been met, the proposed class must then satisfy at least one of the three subsections of Rule 23(b). *Amchem*, 521 U.S. at 614. In this case, Plaintiff seeks certification of the Class under Rule 23(b)(3), which requires that (i) the questions of law or fact common to all class members predominate over issues affecting only individual members, and (ii) the maintenance of a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *Id.* at 615; *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

As discussed further below, the proposed Class meets each of the requirements of Rules 23(a) and (b), and therefore, certification is appropriate.[2]

### 1.      Numerosity — Federal Rule of Civil Procedure 23(a).

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). *See also* 3 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 7.20, 66 (4th ed. 2001). Instead, courts are permitted "to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004). Generally, where the membership of the proposed class is at least 40, joinder is

---

[2] As detailed in the Settlement Agreement, American Registry does not oppose the request for class certification solely for the purposes of settlement.

impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc*., 240 F.R.D. 383, 387 (N.D. Ill. 2006).

In this case, approximately 297,000 individuals or entities were sent faxes regarding American Registry's products. (Siprut, Aff. ¶21.) Accordingly, the Class satisfies the numerosity requirement. *See* Newberg On Class Actions § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands. . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

### 2. Commonality/Predominance — Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between class members, but "factual variations among class members' claims" do not themselves "defeat the certification of a class." *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980); *cert. denied*, 451 U.S. 914 (1980); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993). In fact, the threshold for commonality is not high. *Scholes v. Stone, McGuire, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Rather, commonality exists if a common nucleus of operative fact exists, even if as to one question of law or fact. *Whitten v. ARS Nat'l Servs. Inc.*, 2001 WL 1143238, *3 (N.D. Ill. Sept. 27, 2001) (commonality is often found where "Defendants have engaged in standardized conduct toward the members of the proposed class."). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (stating that "commonality requires that the claims of the class simply "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in

one stroke."). "Class certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013), *reh'g denied* (Sept. 24, 2013), *cert. denied,* 134 S. Ct. 1318, 188 L. Ed. 2d 306 (U.S. 2014).

As alleged in Plaintiff's Complaint, the Class shares common questions of fact and law that predominate over issues affecting only individual members of the Class. Those common factual and legal issues for the Class include: (1) whether American Registry engaged in a pattern of sending fax advertisements; (2) the manner in which American Registry compiled or obtained its list of fax numbers; and (3) whether American Registry violated the TCPA.

Additionally, Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). "Predominance is a question of efficiency." *Butler v. Sears, Roebuck & Co.*, 2012 WL 5476831, at *2 (7th Cir. Nov. 13, 2012). "A class action is the more efficient procedure for determining liability and damages in a case such as this, involving a defect that may have imposed costs on tens of thousands of consumers yet not a cost to any one of them large enough to justify the expense of an individual suit." *Id.* In this case, common questions predominate for the Class because American Registry's alleged unlawful conduct presents common questions with regard to all members of the proposed Class. Thus, in the context of the proposed class-wide settlement the predominance requirement is satisfied because liability and damages would have been decided predominantly, if not entirely, based on common evidence of American Registry's conduct.

### 3.     Typicality — Federal Rule of Civil Procedure 23(a)(3).

Rule 23 also requires that a plaintiff's claims be typical of other class members' claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if the plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id.* "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).

Here, Plaintiff and the Class all received fax advertisements, and alleged that American Registry sent or had sent on its behalf the faxes in violation of the TCPA, thereby entitling Plaintiff and the Class to actual, or statutory damages, and equitable relief. Moreover, there are no defenses that pertain to Plaintiff that would not also pertain to the Class. Accordingly, Plaintiff's claims are typical of the other Class members' claims.

### 4.     Adequacy of Representation — Federal Rule of Civil Procedure 23(a)(4).

The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, class representatives must establish that: (i) their claims are not in conflict with those of the proposed class, (ii) they have sufficient interests in the outcome of the case, and (iii) they are represented by experienced, competent counsel. *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by

class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, Plaintiff's interests are consonant with the interests of the Class — obtaining relief from American Registry for its marketing of its products by facsimile transmissions, and ensuring that American Registry does not continue such conduct in the future. Plaintiff has no interests antagonistic to the interests of the other Class members. (Siprut Aff., ¶23.) *Cf. Eubank v. Pella Corp.*, 753 F.3d 718, 724 (7th Cir. 2014) (discussing the inadequacies of class counsel and class representative warranting disapproval of settlement). Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have significant experience in consumer class actions involving similar issues, scope, and complexity. (Siprut Aff., ¶22; *See* Siprut Firm Resume (attached as Exhibit A to the Siprut Affidavit).) Accordingly, Plaintiff and its counsel would adequately represent the proposed Class.

### 5. Superiority — Federal Rule of Civil Procedure 23(b)(3).

In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). When settling a class action, Plaintiff does not have to prove manageability under Rule 23(b)(3) as if the case were being fully litigated because settlement may "eliminate all the thorny

issues that the court would have to resolve if the parties fought out the case." *Carnegie v. Household International, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) (citing *Amchem*, 521 U.S. at 117)).

The present class action is superior to other available methods for the fair and efficient adjudication of Plaintiff's and the Class' claims. The burden and expense of individual prosecution of the litigation necessitated by American Registry's actions makes a class action superior to other available methods of resolution. Thus, absent a class action, it would be difficult, if not impossible, for individual members of the Class to obtain effective relief.

**B.      The Form and Method of Service of Class Notice Should Be Approved.**

"When the parties reach a settlement agreement before a class determination and seek to stipulate that the settlement will have class wide scope, a class notice must be sent to provide absent class members with certain basic information so that they have an opportunity to consider the terms of the settlement." 2 NEWBERG, section 11.30, p. 11-62-11-63. The substance of the notice must describe, in plain language, the nature of the action, the definition of the certified class, and the class claims and defenses at issue. *See* Fed. R. Civ. P. 23(c)(2)(B). The notice must also explain that class members may enter an appearance through counsel if desired, may request to be excluded from the class, and that a class judgment shall have a binding effect on all class members. *Id*. Additionally, dissemination of the notice must comport with both Rule 23 and due process, which require that a class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The proposed notice plan in this case satisfies Rule 23's notice requirements as well as due process considerations, and provides:

-16-

1.      A brief summary of the claims alleged in the action;

2.      An explanation of the proposed terms of the Settlement, the amount the Class members are entitled to receive under the Settlement Agreement, and the method by which Class members can claim their Settlement benefit;

3.      An explanation of the right to opt out of and/or object to the Settlement within given time-frames and subject to certain requirements;

4.      An explanation that members of the Class who do not opt out will be bound by the proposed Settlement and judgment and will have released their claims;

5.      An explanation that members of the Class who do not opt out will be represented by proposed Class Counsel; and

6.      An identification of Class Counsel and a means for making inquiries thereof.

Federal courts authorize service of class notice by a variety of reliable means. In this regard, "[t]here is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather, 'individual notice must be provided to those Class members who are identifiable through reasonable effort.'" *Eisen,* 417 U.S. at 175-76.

In this case, the proposed Settlement provides for direct notice via electronic mail to each of the approximately 297,000 persons or entities identified by American Registry that possibly could have received an advertising fax. For persons or entities for which American Registry does not have a complete email address, direct notice will be sent via facsimile to the last known facsimile number. These notice methods are reasonably calculated to reach the class members by the best means practicable and should be approved.

**C.      The Court Should Schedule A Hearing For Final Settlement Approval.**

Following notice to the Class, a Fairness Hearing is to be held on the proposed Settlement. MANUAL FOR COMPLEX LITIGATION, § 21.633. Accordingly, Plaintiff, by proposed

Class Counsel, respectfully requests that the Court schedule a hearing on final approval of the Settlement to be held no earlier than 150 Days after entry of the Preliminary Approval Order. The hearing on the final settlement approval should be scheduled now so that the date can be disclosed in the class notice. After receiving final approval, the Parties request that the Court enter a Final Approval Order in the form attached to the Settlement Agreement as Exhibit 1.

## VI.    CONCLUSION

Based upon the foregoing, and because the proposed Settlement is fair, reasonable, and advantageous to the proposed Class, Plaintiff respectfully requests that the Court enter an Order:

A.    Preliminarily approving the Settlement as being fair, reasonable, and adequate;

B.    Preliminarily approving the Claim Form and Class Notice attached as Exhibits A and B to the Settlement Agreement;

C.    Setting the date and time of the Fairness Hearing to be held no earlier than 150 Days after entry of the Preliminary Approval Order;

D.    Provisionally certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

E.    Appointing Plaintiff as Class representative;

F.    Appointing Joseph J. Siprut and Siprut PC as Class Counsel; and

G.    Such other and further relief the Court deems just and proper.

Dated: November 11, 2014

Respectfully submitted,

STEPHAN ZOURAS LLP, individually and
on behalf of all others similarly situated

By: *s/ Joseph J. Siprut*
      One of the Attorneys for Plaintiff
      And the Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for Preliminary Approval of Class Action Settlement** was filed this 11th day of November, 2014, via the electronic filing system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.


*s/ Joseph J. Siprut*

4831-8208-4895, v. 2