UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHAN ZOURAS LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REGISTRY LLC, a Delaware limited liability company,<br><br>Defendant. | No. 14 CV 943<br><br>Magistrate Judge Young B. Kim<br><br>November 14, 2014 |

**PRELIMINARY APPROVAL ORDER**

This matter having come to be heard on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the Court being fully advised and having duly considered the papers and arguments of Counsel, the Court hereby finds as follows:

1. Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Class Action Settlement Agreement ("Agreement").

2. The Court preliminarily approves the Agreement subject to the Final Approval Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement"). The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to Plaintiff's Motion for Preliminary Approval of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of the *Stephan Zouras LLP v.*

*American Registry, LLC* (the "Litigation") and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> All individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of Defendant American Registry, LLC or who own the fax machines on which the facsimiles were received.
>
> The Settlement Class does not include: (1) American Registry and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members; (2) Class Counsel; and (3) the judges who have presided over the Litigation.

4. The Court recognizes that American Registry, LLC ("American Registry") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason.

5. For settlement purposes only, the Court preliminarily appoints Plaintiff Stephan Zouras LLP ("Plaintiff") as representative of the Settlement Class.

6. For settlement purposes only, the Court preliminarily appoints the following attorney to act as Class Counsel for the Settlement Class:

> Joseph J. Siprut
> **SIPRUT PC**
> 17 North State Street
> Suite 1600
> Chicago, Illinois 60602

7. The Court appoints Kurtzman Carson Consultants LLC to act as Settlement Administrator. The Settlement Administrator will be an agent of the

Court and will be subject to the Court's supervision and direction as circumstances may require.

8.   Notice shall be provided to the Settlement Class postmarked no later than December 5, 2014.  Notice shall be in a form substantially the same as the Notice attached to the Agreement as Exhibit B and shall be made in substantially the same manner as specified in the Agreement, except that all references to deadlines (including claim, exclusion, objection and notice of intent to appear deadlines) shall be revised in Exhibits A, B, and C, as appropriate, to refer to postmark dates, rather than receipt dates.

9.   The form and content of the Notice are fair and reasonable, and Notice shall be disseminated to the Settlement Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

10.  The Court finds that the Notice and Notice Plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Settlement Class.  The Notice is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation; (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (c) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; and (d) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs

and/or the service award and, if he or she desires, enter an appearance personally or through counsel. The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11. No later than April 6, 2015, the Settlement Administrator shall file a declaration with the Court attesting to completion of Notice, including the emailing and/or transmission via facsimile of the Notice.

12. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than January 19, 2015 (the "Exclusion/Objection Deadline"). The opt-out request must: (a) identify the member of the Settlement Class by name, address, and phone number; and (b) state that he or she wishes to be excluded from the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Exclusion List").

13. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other

4

proceeding against any of the Released Parties asserting any of the Released Claims.

14. The Settlement Administrator shall provide the Exclusion List to Class Counsel and Defendant's Counsel no later February 2, 2015, and shall file the Exclusion List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than April 6, 2015.

15. Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

    (a) A caption or title that identifies it as "Objection to Class Settlement in *Stephan Zouras LLP v. American Registry, LLC* (Case No. 14-cv-943)";

    (b) The objector's full name, address, email address, telephone number, and his or her counsel's name, address, email address, and telephone number;

    (c) A written statement detailing each objection, the facts supporting them, the legal basis on which they are based, and the relief requested; and

    (d) A written statement detailing whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

16. Any objections must be mailed to the Court at the address below, or must otherwise be appropriately filed with the Court, postmarked no later than the Objection Deadline.

Clerk of Court
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
Attention: "*Stephan Zouras LLP v. American Registry, LLC*, Case No. 14-cv-943"

A copy of the objection must also be mailed to Class Counsel and Defendant's Counsel at the addresses below, postmarked no later than the Objection Deadline:

Joseph J. Siprut
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602

Jason P. Stiehl
Seyfarth Shaw LLP
131 South Dearborn Street
Chicago, Illinois 60603

17. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Class Counsel and Defendant's Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Final Approval Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court;

and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

19. The Court, within its discretion and at the request of Class Counsel or Defendant's Counsel, may order the deposition of any Settlement Class Member who objects to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement (or any witness identified in the written objection or notice of appearance) prior to the Final Approval Hearing. If the objecting Settlement Class Member fails to appear for any such deposition ordered by the Court, the objection will not be considered by the Court. If any witness fails to appear for deposition, that witness's testimony will not be considered by the Court. Any Settlement Class Member who fails to comply with the orders of the Court or the provisions of the Agreement regarding objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in this Litigation.

19. Any objecting Settlement Class Member who intends to appear at the Final Approval Hearing, either with or without counsel, must also file a notice of intention to appear with the Court (as well as serve on Class Counsel and Defense Counsel) postmarked no later than the Objection Deadline.

(a) If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state

7

bar(s) to which counsel is admitted and a list identifying all objections such counsel has filed to class action settlements from January 1, 2010, to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Settlement Class Member's own expense; and

(b) If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Final Approval Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Final Approval Hearing.

20. If any objection is deemed frivolous, the Court reserves the right to award appropriate costs and fees to Class Counsel and/or Defendant's Counsel.

21. Any response to an objection shall be filed with the Court no later than February 16, 2015.

22. The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement as Exhibit A, except that the claims deadline shall be revised to refer to the postmark date, rather than the receipt date.

23. Any Settlement Class Member who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in

compliance with the process set forth in the Agreement postmarked no later than February 3, 2015. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

24. The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion, Claim Forms and any other communications, provided that only the Settlement Administrator, American Registry, Class Counsel, Defendant's Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Agreement.

25. The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from: (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to

9

include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (c) attempting to effect opt outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims. This Agreement is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

26. A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 1019, commencing on April 13, 2015, at 9:00 a.m.

27. The Court reserves the right to continue the Final Approval Hearing without further written notice. If the Final Approval Hearing is continued from the currently scheduled date, information regarding a rescheduled Final Approval Hearing will be posted on the Court's docket.

28. Papers in support of the final approval of the Settlement shall be filed with the Court no later than April 6, 2015.

29. An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than January 5, 2015.

30. All discovery and other pre-trial proceedings in this Litigation are stayed and suspended, pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

31. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

32. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by American Registry of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be

11

construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

33. The terms and provisions of the Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

12