


January 16, 2015

JAN 2 1 2015

**VIA U.S. MAIL**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Clerk of the U.S. District Court
Northern District of Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
Attention: Stephen Zouras LLP v.
American Registry, LLC, Case No. 14-943

Joseph J. Siprut
Siprut PC
17 North State Street, Suite 1600
Chicago, Illinois 60602

Jason Stiehl
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

Re: **Objection to Class Settlement in Stephan Zouras LLP v. American Registry, LLC (Case No. 14-cv-943)**

May it please the Court,

I am a member of the settlement class in the above-referenced case. I have several objections to the class settlement proposed herein. My class member information is as follows:

|   |   |
|---|---|
| Name: | Scott A. Kron |
| Address: | 23421 S. Pointe Dr., Suite 280 |
|  | Laguna Hills, California 92653-1556 |
|  | Telephone: (949) 367-0520 |
| Fax Number: | (949) 613-8472 |
| Objections: | See below. |
| Final Fairness Hearing: | I do not intend to appear. |
| Signature: | See below. |

I object to the proposed settlement for the following reasons:

1. Neither the Notice of Class Action Settlement nor any of the other documents published at http://www.americanregistryfaxsettlement.siprut.com/ state the amount of potential damages. Moreover, there is no information provided to the class members identifying the number of unsolicited faxes sent. Class members cannot evaluate the reasonableness, fairness, or adequacy of the settlement if he, she, or it do not know how much plaintiffs would recovery if they were successful at trial.

2. Due to the lack of information concerning the potential recovery at trial and the number of unsolicited faxes sent, class members are unable to weigh or consider the reasonableness of the sought after attorneys' fees relative to the amount of

Objection to Class Settlement
Stephan Zouras LLP v. American Registry, LLC
Case No. 14-cv-943

effort put into this case, the relief obtained for the class, or the total amount recovered.

3. Class counsel has requested $175,000 in fees and costs; however, no motion for fees and costs has been made available for the class to evaluate. The notice provides that "Settlement Class Counsel will make an application for an award of Attorney's Fees and Expenses not to exceed One Hundred Seventy-Five Thousand Dollars ($175,000)" The class cannot evaluate the fairness of the settlement or the reasonableness of the requested fees and costs without knowing what counsel did to prosecute the case or what amount class counsel seek. The court should require class counsel to provide sufficient information to the class to evaluate the reasonableness of requested legal fees and costs.

4. The proposed settlement allows checks to expire and become null and void if not cashed within ninety (90) days after the date of issuance, reverting back to the Defendant. The proposed settlement also allows video subscriptions to become void and revert back to Defendant if not registered within ninety (90) days after the date of issuance. The proposed reversion of "unclaimed" funds and/or "unregistered" subscriptions back to Defendant is not fair to class members. The time period in which to cash the check or register the video subscription is insufficient and also unfair to class members. Any unclaimed funds should go back to class members who timely made a claim on a pro rata basis in order to provide the greatest relief.

5. Notice of Class Action Settlement was untimely made, violates the Court's Preliminary Approval Order (Document #48, p. 3, ¶ 8), and was inconsistent with the requirement of due process, leaving me with inadequate time to review the proposed settlement agreement, the Motion for Preliminary Approval of Class Action Settlement, and the other documents published at http://www.americanregistryfaxsettlement.siprut.com/.

Notice was provided via facsimile transmission on January 14, 2015. [See Exhibit "A" attached hereto and incorporated herein by reference.]

If I didn't receive timely Notice of Class Action Settlement, how many of the other class members didn't receive timely notice or didn't receive notice at all.

Sincerely,

SCOTT A. KRON, ESQ.

Objection to Class Settlement
Stephan Zouras LLP v. American Registry, LLC
Case No. 14-cv-943

# EXHIBIT "A"

**AMERICAN REGISTRY FACSIMILE LITIGATION**
**NOTICE OF CLASS ACTION SETTLEMENT**
*Zouras v. American Registry LLC*, Case No. 14-cv-943

**IF YOU RECEIVED AN ADVERTISEMENT ON A TELEPHONE FACSIMILE MACHINE FROM OR ON BEHALF OF AMERICAN REGISTRY, AND YOU DID NOT PROVIDE CONSENT TO RECEIVE THIS ADVERTISEMENT, YOU MAY BE A CLASS MEMBER AND THIS SETTLEMENT MAY AFFECT YOUR RIGHTS.**

This Notice relates only to the any individual receiving an advertisement via facsimile who did not first authorize American Registry to transmit this information. Plaintiff sued American Registry under a law called the Telephone Consumer Protection Act ("TCPA") alleging that, for a period of time, American Registry transmitted facsimile advertisements without first receiving consent to send the advertisement. American Registry denies the claims but, to avoid the continued expense of litigation, has agreed to a settlement of the case. American Registry has agreed to provide compensation of up to $20 per unique facsimile number receiving such an advertisement, plus also make available a six month video subscription advertising that individual's industry achievement. American Registry will also pay the costs of notifying Class Members of the settlement, administering the settlement payments, the reasonable attorneys' fees for the lawyers who filed the lawsuit and the named plaintiff for its services as the class representatives.

On April 13, 2015 at 9:00 a.m., Magistrate Judge Kim will hold a hearing to decide whether to finally approve this settlement. YOU DO <u>NOT</u> NEED TO ATTEND. If the settlement is approved, all Class Members will be bound by the resulting judgment and court orders, and eligible Class Members will be entitled to claim benefits under the settlement.

You have three choices:

1) If you want to receive $20, a six-month American Registry video subscription, or both, you must submit a completed Claim Form to the Claims Administrator, Zouras v. American Registry LLC Settlement Administrator, PO BOX 43327, Providence, RI 02940-3327. The Claim Form must be postmarked by February 3, 2015. If you elect to submit a Claim Form, you can download a copy at www.americanregistryfaxsettlement.siprut.com. Alternatively, you can call Class Counsel at (312) 236-0000 to request a Claim Form. <u>Failure to submit a Claim Form will mean you receive no money but are still governed by a Release</u> of your rights to sue American Registry for the TCPA claims raised in this Lawsuit.

2) If you do <u>not</u> want to participate in the Settlement you must write a letter, and include your name, address, telephone number, a statement that you received one or more facsimile advertisements from American Registry, a listing of the fax number(s) on which you claim you received the facsimile, a statement that you wish to be excluded from the class, the case name and number identified above, and your signature, and mail the letter to Zouras v. American Registry LLC Settlement Administrator, PO BOX 43327, Providence, RI 02940-3327. Your letter must be postmarked by January 19, 2015 to be valid.

3) If you think the Settlement is unfair, you may object to it by writing a memo stating the specific reasons for your objection, your name, address, telephone number, a statement that your received one or more facsimile advertisements from American Registry, a listing of the fax number(s) on which you claim you received the facsimile, the case name and number identified above, a statement as to whether you wish to appear, and your signature, and file it with the Clerk of the U.S. District Court at 219 S. Dearborn St., Chicago, Illinois 60604 on or before January 19, 2015, as well as send a copy to Class Counsel at Siprut PC, 17 North State St., Ste. 1600, Chicago, IL 60602 and to Jason P. Stiehl, Seyfarth Shaw LLP, 131 S. Dearborn St., Ste. 2400, Chicago, IL 60603.

For more information, visit www.americanregistryfaxsettlement.siprut.com or contact Class Counsel Joseph J. Siprut of Siprut, P.C. at (312) 236-0000.

**DO NOT CONTACT THE COURT FOR INFORMATION,
AS IT WILL NOT BE ABLE TO ASSIST YOU**