**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHAN ZOURAS LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 14-cv-943 |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge Young B. Kim |
| v. | ) ) | |
| AMERICAN REGISTRY LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE OBJECTOR SCOTT A. KRON**

Pursuant to the Court's Order granting preliminary approval to the Class Settlement in this case, (Docket No. 48), Plaintiff hereby moves for leave to depose Scott A. Kron, the lone objector to the Settlement. In support of this Motion, Plaintiff states the following:

1. On November 14, 2014, this Court issued a Preliminary Approval Order on the Parties' Settlement, which resolves the claims asserted in this litigation on a class-wide basis. (Docket No. 48.)

2. On January 21, 2015, Kron filed his objection to the Settlement. (Docket No. 51.)

3. The Court's Preliminary Approval Order provides that:

> The Court, within its discretion and at the request of Class Counsel or Defendant's Counsel, may order the deposition of any Settlement Class Member who objects to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement (or any witness identified in the written objection or notice of appearance) prior to the Final Approval Hearing.

(Docket No. 48 at ¶ 18.)

4.      Consistent with the Court's Order, Plaintiff now seeks leave to depose Kron. (Docket No. 48 at ¶ 18.)

5.      Securing deposition testimony from Kron is essential here, because his assertions are both tenuous and unclear. For example, Kron asserts that the 90-day expiration on settlement checks issued to Class Members who submit valid claims is a "reversion" and "not fair to class members." (Docket No. 51 ¶ 4.) It is unclear what Kron is suggesting, e.g. whether Class Members should have an indefinite time to deposit their checks or whether payment should be made in a different manner.

6.      Furthermore, Kron's deposition testimony "may be used to seek information regarding [his] standing, the bases for the objections, his role in objecting to this and other class settlements." *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013), *appeal dismissed* (June 18, 2014). If Kron is not a member of the Settlement Class then he is "without standing to contest the settlement." *Carnegie v. Household Int'l, Inc.*, 445 F. Supp. 2d 1032, 1035 (N.D. Ill. 2006) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989). In addition, Kron's testimony will reveal his ability to post bond for an appeal. *See In re Navistar Diesel Engine Products Liab. Litig.*, 2013 WL 4052673, at *3 (N.D. Ill. Aug. 12, 2013) (granting, in part, motion requiring objectors to post bond).

7.      Given that parties "may, by oral questions, depose any person," Fed. R. Civ. P. 30(a)(1), it is not surprising that courts routinely grant such motions and allow depositions of objectors to occur. *See, e.g.*, *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 970 (N.D. Ill. 2011) (finding that language in the class notice informing objectors that they may be deposed was not objectionable) (citing *Stern v. AT & T Mobility Corp.*, 2011 WL 607135, at *1 (N.D. Ohio Feb. 11, 2011) (observing that "the California judge presiding

over the class action suit . . . allowed objectors to be deposed")); *see also In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) (finding that in judging an objector's motives, "it is also helpful to evaluate [his] personal stake in this class action"); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013), *appeal dismissed* (June 18, 2014) ("[A]n objector who voluntarily appears in litigation is properly subject to discovery."); *In re Law Office of Jonathan E. Fortman, LLC*, 2013 WL 414476, at *2 (E.D. Mo. Feb. 1, 2013) (finding discovery "relevant to assessing the merits of the objection to the class action settlement"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (stating that objectors open themselves to the discovery process because, unlike absent class members, they "voluntarily appear[] in [the] litigation by objecting to the [Settlement]").[1]

8.    The Preliminary Approval Order Currently technically provides that any "responses to objections" are due February 17, 2015,[2] (Docket No. 48 ¶ 21), which is why Plaintiff has filed the present motion by today.

9.    However, because the deadline for a motion in support of final approval is April 6, 2015, (*Id.* ¶ 27), Plaintiff will respond *substantively* to Kron's objection within the context of the final approval motion, and – if this motion is granted – with the benefit of discovery from the objector.

WHEREFORE, Plaintiff requests that the Court enter an Order:

A.  Granting the Parties leave to depose Scott A. Kron;

B.  Re-setting the deadline to respond to Kron's objection to April 6, 2015; and

C.  Granting such further relief this Court deems equitable and just.

---

[1] *See also* Alba Conte & Herbert B. Newberg, 4 Newberg on Class Actions 11:55 (4th ed. 2008) (observing that filing objections to proposed class settlements has become a "big business" where objectors "seek out class actions to simply extract a fee").

[2] The date in the Preliminary Approval Order, February 16, 2015, is extended to February 17, 2015, pursuant to Federal Rule of Civil Procedure 6, since the 6th was a court holiday.

Dated: February 17, 2015                    Respectfully submitted,


                                            By: */s/ Joseph J. Siprut*

                                            Joseph J. Siprut
                                            *jsiprut@siprut.com*
                                            Gregg M. Barbakoff
                                            *gbarbakoff@siprut.com*
                                            Ismael T. Salam
                                            *isalam@siprut.com*
                                            **SIPRUT PC**
                                            17 N. State Street, Suite 1600
                                            Chicago, Illinois 60602
                                            312.236.0000
                                            Fax: 312.241.1260

                                            *Counsel for Plaintiff and the Settlement Class*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for Leave to Depose Objector Scott A. Kron** was filed this 17th day of February, 2015, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record, and was mailed via first class U.S. mail to the following individual on the 18th day of February 2015:

> Scott A. Kron, Esq.
> 23421 S. Pointe Drive
> Suite 280
> Laguna Hills, California 92653-1556
> 949-367-0520
> Fax: 949-613-8472

                                                          _/s/ Joseph J. Siprut_

4846-4763-7794, v. 2