# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHAN ZOURAS LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 14-cv-943 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| AMERICAN REGISTRY LLC, a Delaware limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) the Plaintiff Stephan Zouras LLP ("Stephan Zouras"); (ii) the Settlement Class (as defined herein) (the Settlement Class and Plaintiff Stephan Zouras are collectively herein referred to as the "Plaintiffs" unless otherwise noted); and (iii) Defendant American Registry LLC ("Defendant" or "American Registry"). The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     On February 11, 2014, Stephan Zouras filed a putative class action in the United States District Court for the Northern District of Illinois, Eastern Division, captioned Stephan Zouras LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated, v. American Registry LLC, a Delaware limited liability company, Case No. 14-cv-943 (the "Action") alleging claims for damages and injunctive relief against Defendant

American Registry for using a telephone facsimile machine, computer or other device to send an advertisement to a telephone facsimile machine in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

B.     The parties engaged in extensive arm-length negotiations, including multiple sessions before Magistrate Judge Young B. Kim.

C.     Specifically, on May 2, 2014, Magistrate Judge Kim held a preliminary settlement telephonic conference with the Parties and scheduled an in-person conference for June 25, 2014.

D.     Magistrate Judge Kim instructed the Parties to conduct necessary discovery to better assess their settlement positions and to submit the settlement position statements, in accordance with the Court's standing order on "Settlement Conferences."

E.     Pursuant to Judge Kim's instructions, the Parties informally exchanged information and documentation related to the issues raised in the Complaint.

F.     On June 25, 2014, the Parties appeared for a settlement conference with Judge Kim. During the conference, the Parties discussed their legal positions, including the strengths and weaknesses of their arguments. The Parties also discussed American Registry's capability of providing meaningful class-wide relief.

G.     After nearly five hours of negotiations, the Parties concluded the conference optimistic of a potential settlement on a class-wide basis.

H.     Magistrate Judge Kim continued the settlement conference to July 9, 2014.

I.     Following the conference on July 9, 2014, the Parties continued their negotiations until ultimately reaching an agreement on all material terms.

J.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened, or attempted to

commit any wrongful act or violation of law or duty alleged in the Action. Defendant also denies: (1) each and all of the claims and contentions alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against it or its agents arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiff or the Settlement Class are entitled to any form of damages based on the conduct alleged in the Action.

K.      In addition, Defendant maintains that it has meritorious defenses to the claim alleged in the Action and was prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to it that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.

L.      This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

M.      Plaintiff believes that the claims asserted in the Action against the Defendant have merit and that they would have ultimately been successful in certifying the proposed class under Rule 23 on a contested, adversarial basis and prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge that Defendant has raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such

litigation.

N.      Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.   Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

O.      Given the above, and considering all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Stephen Zouras LLP, the Settlement Class, and each of them, and Defendant, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.      **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Approved Claim"** means the initial Claim Form submitted by a Settlement Class

Member that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Settlement Class Member; (c) is signed by the Settlement Class Member, subject to the penalties of perjury and (d) returned via mail and post-marked by the Claims Deadline. There can be only one Approved Claim per Settlement Class Member regardless of the number of businesses who use the same facsimile phone number. Approved Claims includes claims for payments under the Settlement according to section 2.1.

1.2 **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. Class members shall receive the Claim Form via the Notice Plan. The Claim Form can also be requested from the Settlement Administrator. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available in paper and electronic format.

1.3 **"Class Counsel"** means Joseph J. Siprut of Siprut PC.

1.4 **"Class Representative"** means the named Plaintiff in this Action, Stephan Zouras.

1.5 **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.6 **"Court"** means the United States District Court for the Northern District of Illinois, Judge Young B. Kim, or any judge who shall succeed him as the Judge in this Action, presiding.

1.7 **"Defendant"** means Defendant American Registry LLC.

1.8 **"Defendant's Counsel"** means Jason P. Stiehl of Seyfarth Shaw LLP.

**1.9** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.10** **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

**1.11** **"Final"** means ten business days following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.12** **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and the incentive award to the Class Representative.

**1.13** **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Final Approval Hearing.

**1.14** **"Incentive Award"** means the amount awarded by the Court to Plaintiff Stephan Zouras LLP.

**1.15** **"Nationwide"** means the fifty states, the District of Columbia, and the territories of the United States of America.

**1.16** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement (Exhibit B) and is consistent with the requirements of Due Process and Rule 23.

**1.17** **"Notice Date**" means the date by which the Notice Plan set forth in Paragraph 4.2 is complete, which shall be a date no later than twenty-one (21) days after entry of the Preliminary Approval Order.

**1.18** **"Notice Plan**" means the proposed plan developed by the Parties of disseminating notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing. Other than e-mailing notice to the last known e-mail addresses of class members one time or, in the alternative, transmitting notice via facsimile, no additional direct or publication notice is necessary or required.

**1.19** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

**1.20** **"Parties"** or **"Settling Parties"** means Plaintiff Stephan Zouras, the Settlement Class, and Defendant American Registry LLC.

**1.21** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. The definition of "Person" is not intended to include any governmental

agencies or governmental actors, including, without limitation, any state Attorney General's office.

**1.22**    **"Plaintiffs"** means Plaintiff Stephan Zouras and the Settlement Class Members, collectively.

**1.23**    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement Agreement, and approval of the form of the Notice and of the Notice Plan.

**1.24**    **"Preliminary Approval Order"** means the proposed order preliminarily approving the Agreement and directing notice thereof to the Settlement Class, to be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

**1.25**    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act relating to American Registry's, or any individual or entity on American Registry's behalf, allegedly using a telephone facsimile machine, computer or other device to send facsimiles to a telephone facsimile machine, and any resulting damages arising therefrom that were or could have been alleged or asserted in the Action, including but not limited to violations of the Telephone Consumer Protection Act, and Released Claims belonging

to any and all Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities. Nothing herein is intended to release any claims that any governmental agency or governmental actor has against the Defendant.

**1.26** **"Released Parties"** means Defendant American Registry LLC and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, affiliates, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Defendant has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities.

**1.27** **"Releasing Parties"** means Plaintiff; those Settlement Class Members who do not request to be excluded from the Settlement Class (whether or not such members submit claims); to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as

well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

**1.28    "Settlement Agreement" or "Agreement"** means the settlement contemplated by this Settlement Agreement.

**1.29    "Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in processing Claim Forms submitted by the Settlement Class, with such expenses to be paid from the Settlement Fund.

**1.30    "Settlement Administrator"** means, subject to Court approval, the firm of Kurtzman Carson Consultants LLC, which has been selected by the Parties to oversee the processing and payment of claims to the Settlement Class as set forth in this Settlement Agreement.

**1.31    "Settlement Class"** means all individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of Defendant American Registry LLC or who own the fax machines on which the facsimiles were received.

**1.32    "Settlement Class Member" or "Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.33    "Settlement Fund"** means a claims-made settlement amount that affords Class Members $20.00 for each Approved Claim, plus the Fee Award, Incentive Award, and costs of Settlement Notice and Administration. From this Settlement Fund, Defendant shall pay all costs associated with the Settlement, including (i) Approved Claims, (ii) Settlement Notice and Administrative Expenses, (iii) the Fee Award, and (iv) incentive award to the Class Representative. The Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Agreement for the payments of Approved Claims.

**1.34** **"Unknown Claims"** means claims that could have been raised in the Action and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.      **SETTLEMENT RELIEF**

    2.1     **Payments and In-Kind Relief.**

        **(a)**     Class Members shall have until the Claims Deadline to submit an Approved

Claim in accordance with the Notice. Defendant agrees to pay or cause to be paid from the

Settlement Fund a sum of twenty dollars ($20.00) per Approved Claim, subject to the provisions

of Sections 6 and 9 below.

        **(b)**     Class Members submitting an Approved Claim will also have the option of

receiving additional in-kind relief, valued at $149, in the form of a six-month video subscription,

similar in the form of that found at www.americanregistry.com/video.All video subscriptions

issued to Settlement Class Members will include a clear and conspicuous notice that the

subscription will expire and become null and void unless registered with the Settlement

Administrator within ninety (90) days after the date of issuance.  To the extent that a video

subscription issued to a Settlement Class Member is not registered within ninety (90) days after

the date of issuance, the subscription will be void, and such subscriptions shall revert to the

Defendant.  In no event will the value represented by an unregistered subscription constitute

abandoned or unclaimed property, and the Defendant is entitled to the return of the subscriptions.

        **(c)**     In no event will any unclaimed funds or video subscriptions constitute

abandoned or unclaimed property.  Defendant is obligated to pay Approved Claims only.  All

unclaimed or expired checks or video subscriptions shall remain the sole property of Defendant

and shall not be treated or considered as unclaimed property.

        **(d)**     Within sixty (60) days after the Effective Date has occurred, or such other

date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all

Approved Claims by check and mail them to the claimants via first-class mail, unless challenged pursuant to Paragraph 5.3 below. Within the same aforementioned time, the Settlement Administrator shall make available the six-month video subscription to each Settlement Class Member.

(e)     All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds shall revert to the Defendant.  In no event will the funds represented by an uncashed check constitute abandoned or unclaimed property, and the Defendant is entitled to the return of funds.

2.2     **Prospective Relief.**  As part of this settlement, American Registry agrees to alter its business practices regarding the obtaining of consent to transmit advertisements to facsimile machines. Specifically, American Registry agrees to modify the script used by its agents when calling individuals or entities for the purpose of transmitting an advertisement via facsimile to state that American Registry is offering products or services for sale associated with the consumer's award.

3.     **RELEASES**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims and Unknown Claims, as against all Released Parties for the Settlement Class.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released,

relinquished and discharged all Released Claims and Unknown Claims against the Released Parties, and each of them.

**4.      NOTICE TO THE CLASS**

**4.1.**      Upon issuance of Preliminary Approval of this Agreement, American Registry shall cause Notice describing the Fairness Hearing and the terms of the settlement embodied in this Agreement to be disseminated to the Settlement Class. Such Notice shall comport with due process and be effectuated pursuant to a Notice Plan.

**4.2.**      The Notice Plan shall include:

**(a)**      ***Direct Notice***.  Within twenty-one (21) days after Preliminary Approval, Defendant shall, based upon a review of the business records and data in their possession, custody or control, disseminate the Notice by electronic mail ("e-mail") to any and all reasonably identifiable Persons who are potential members of the Settlement Class.  Notice shall be sent to those Settlement Class Members for which Defendant possesses a complete e-mail address, sent to the last known e-mail address of such Settlement Class member. The E-Mail Notice shall substantially conform to the form attached as Exhibit B. Notice shall be sent by fax to those Settlement Class Members for which Defendant does not possess a complete e-mail address, sent to the last known fax number of such Settlement Class Member.

**(b)**      ***CAFA Notice.***  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Defendant shall serve upon the Attorneys General of each U.S. State in which there are members of the Class, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of all scheduled judicial hearings in the Action; (3)

all proposed forms of Notice to the Settlement Class; and (4) a copy of this Agreement. To the extent known, the Defendant shall serve upon the above-referenced government official the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement.

4.3.     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendant's Counsel.

4.4.     Any Settlement Class Member who intends to object must do so on or before the Exclusion and Objection Deadline. To be valid, the objection must be filed through the Court's CM/ECF system and sent to Class Counsel and Defendant's Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. The Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and Defense Counsel the name, address, telephone number of the Person objecting and, if represented by counsel, of his or her counsel. An objecting Settlement Class Member must state,

specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel. Any objecting Settlement Class Member who appeals a grant of Final Approval will be required to post an appeal bond, and also subjects themselves to discovery by the Parties concerning the standing of any objecting Settlement Class Member, among other things. Any Settlement Class Member who fails to timely file and serve a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph, as detailed in the Class Notice, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

      **4.5.** A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified shall be invalid and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement

Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice. A member of the Settlement Class who requests to be excluded from the Settlement Class cannot also object to the Settlement Agreement. If more than 100 Class Members request to be excluded from the Settlement Class, Defendant shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty (20) days of being notified that more than 100 Class Members requested to be excluded.

## 5.     SETTLEMENT ADMINISTRATION

**5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel, the Parties and/or their representatives upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to members of the Settlement

Class on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel and Class Counsel electronic copies of all original documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b)     Receive exclusion forms and other requests from Class Members to exclude themselves from the Settlement Agreement and promptly provide to Class Counsel and Defendant's Counsel a copy thereof upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(c)     If requested, and approved by Defendant's Counsel, provide reports and/or summaries to Class Counsel and Defendant's Counsel, the Parties and/or their representatives as provided in the contract to be entered into by Defendant with the Settlement Administrator, including without limitation, reports regarding the number of Claim Forms received and the amount of benefits sought, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator;

(d)     Make available for inspection by Class Counsel or Defendant's Counsel, the Parties and/or their representatives the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice; and

5.2     The Settlement Administrator shall be obliged to employ reasonable procedures to

screen claims for abuse or fraud, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the name provided on a Claim Form does not appear on the list of Persons who will receive direct Notice or where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse.

      **5.3**    Both Defendant's Counsel and Class Counsel, the Parties and/or their representatives shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Class Members. The Settlement Administrator shall follow any agreed to decisions of Defendant's Counsel and Class Counsel. To the extent Defendant's Counsel and Class Counsel are not able to agree on the disposition of a challenge, they can present any dispute claim forms to Magistrate Judge Kim for final determination, which shall be binding on the Parties.

      **5.4**    In the event that any Claim Forms are defective, incomplete, inaccurate and/or evidence fraud, then the Settlement Administrator may reject those Claim Forms without seeking additional information or providing an opportunity to cure the defect.

      **5.5**    Any Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a Claim Form will not be entitled to receive any cash award or any other benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment to be entered in the Action and the releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

      **5.6**    Class Counsel and Defendant's Counsel each agree to keep all information about the settlement administration process—including without limitation all information received

pursuant to Paragraph 5 of this Agreement, such as claims reports, information concerning opt-outs, and the Class List—confidential and may use it only for purposes of effectuating this Agreement. Notwithstanding the foregoing, as required by the Court or to effectuate the intent of this Agreement, the Parties may disclose: Opt-outs, Objections, Claims and other documents needed to enforce the terms and conditions of this Agreement.

## 6.     TERMINATION OF SETTLEMENT

6.1     Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within ten (10) days, of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement; (ii) the Court's modification of the Notice and Claim Form attached hereto as Exhibits A and B; (iii) the Court's refusal to grant final approval of this Agreement in any material respect; (iv) the Court's refusal to enter the Final Judgment in this Action in any material respect; (v) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (vi) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (vii) the timely opt out of more than 100 Class Members.

6.2     To the extent that greater than 5,000 class members submit valid claim forms, Defendant shall have the right, but not the obligation, to terminate the Settlement. In that event: the Agreement shall be null and void and shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment; this Agreement and all negotiations,

proceedings, documents prepared and statements made in connection herewith shall be without prejudice to Defendant, Plaintiff and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose; and the Parties to the Litigation shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## 7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of Exhibits A and B hereto.

**7.2**     At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendant's Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and obtain from the Court a Final Judgment.  The Final Judgment will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

**(b)** approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns;

**(c)** find that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing, (3) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

**(d)** find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)** dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)** incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

**(g)** permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Final Judgment, or (2) do not limit the rights of Settlement Class Members;

(i)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(j)     incorporate any other provisions, as the Court deems necessary and just.

**8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**8.1**     Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees, payable solely from the Settlement Fund, in an amount not to exceed one hundred and seventy-five thousand ($175,000) for attorneys' fees and costs.  Plaintiffs' Counsel will apply to the Court for approval of the Attorney Fee Award and will serve Defendant's Counsel with such application no later than fourteen (14) days before the Objection Deadline.  The Defendant shall not object to Plaintiffs' Counsel's application for the Attorney Fee Award in this amount, except that the Defendant reserves the right to dispute any statements in such application that are inconsistent with this Agreement.

**8.2**     Class Counsel shall, within fifteen (15) months after the date the Court enters the

Final Judgment if there have been no objections to the Settlement Agreement or within fifteen (15) months after the Effective Date, be paid from the Settlement Fund the amount of attorneys' fees and expenses approved by the Court. Any payment of attorneys' fees and expenses shall be paid via electronic transfer to an account designated by Class Counsel providing necessary information for electronic transfer. Class Counsel agrees that in no event shall Defendant pay or be obligated to pay in excess of $175,000 for Class Counsel's attorneys' fees and costs.

8.3     In addition to any award to which it may be entitled under the Settlement Agreement, and in recognition of its efforts on behalf of the Settlement Class, the Class Representative shall, subject to the approval of the Court, be awarded an incentive award in the amount of two thousand dollars ($2,000.00). Defendant agrees that such an amount is reasonable and that it shall not oppose such award, directly or indirectly. This sum shall be paid to Plaintiff in recognition of the Plaintiff's time and effort serving as the Class Representative in this litigation. Defendant shall pay said amounts via check from the Settlement Fund to the Class Representative, such check to be sent care of Class Counsel, within three (3) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within three (3) business days after the Effective Date.

9.     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by the Plaintiff and Defendant;

(b)     The Court has entered the Preliminary Approval Order approving this Settlement Agreement, Notice and Claim Form verbatim or with non-substantive revisions in the

form tendered to the Court for Preliminary Approval;

        **(c)**     The Court has entered an order finally approving this Agreement in its entirety, following notice to the Settlement Class verbatim, approving the Claim Form verbatim and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement;

        **(d)**     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final; and

        **9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to Stephan Zouras and American Registry.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, any attorneys' fees requested by Class Counsel shall not prevent the Agreement from becoming effective.

        **9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated

as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.     MISCELLANEOUS PROVISIONS

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or this Settlement Agreement is

terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c) is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Settlement Agreement

is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

       **(e)**    is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

       **(f)**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

    **10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

    **10.6**    The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

    **10.7**    All of the exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

    **10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations,

agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Plaintiff represents and warrants that it has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.12**    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**    This Settlement Agreement shall be governed by and construed in accordance with

the laws of the State of Illinois.

**10.16**   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties.   Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

**10.17**   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Joseph J. Siprut, Siprut PC, 17 North State Street, Suite 1600, Chicago, Illinois 60602; and Jason P. Stiehl, Seyfarth Shaw LLP, 131 South Dearborn Street, Chicago, Illinois 60603.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

Dated: _____                        STEPHAN ZOURAS LLP, individually and on
                                                                   behalf of the Settlement Class

                                                                   By _____
                                                                   Title _____


Dated: _____                        AMERICAN REGISTRY LLC


                                                                   By _____
                                                                   Title _____

the laws of the State of Illinois.

     **10.16** This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

     **10.17** Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Joseph J. Siprut, Siprut PC, 17 North State Street, Suite 1600, Chicago, Illinois 60602; and Jason P. Stiehl, Seyfarth Shaw LLP, 131 South Dearborn Street, Chicago, Illinois 60603.

     IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

Dated: 10/31/14

STEPHAN ZOURAS LLP, individually and on behalf of the Settlement Class

By _____
Title _____ Member _____

Dated: 11-4-14

AMERICAN REGISTRY LLC

By _____
Title _____ Member _____

## <u>EXHIBITS</u>

**Exhibit A**     **Claim Form**

**Exhibit B**     **E-Mail Notice**

4835-2569-8588, v. 5

Class Action Settlement
Agreement

Case No. 14-cv-943

# EXHIBIT A

[Settlement Administrator's Mailing Address and Contact Information]

**SZAR**

«Barcode»
Claim #: SZAR-«ClaimID»«MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

## American Registry TCPA Settlement Litigation Claim Form

## Your Claim Form must be postmarked on or before _____ ____, 2015

Subject to the terms of the Settlement Agreement, and pending final approval of the Court, to receive any benefits of this Settlement, **please provide all of the information described below and return this completed and signed form which must be postmarked by _____ ____, 2015.** Claim Forms that are not timely submitted will be rejected. Invalid Claim Forms and illegible Claim Forms may be rejected. The Claims Administrator is entitled to confirm information supplied in Claim forms to determine eligibility.

---

**CHECK APPLICABLE BOXES:**

**Did you receive one or more unsolicited facsimile advertisements from or on behalf of American Registry?**

☐ Yes          ☐ No

**Did you or someone on your behalf provide consent to receive facsimile advertisements from or on behalf of American Registry?**

☐ Yes          ☐ No

**Do you have authority to file this claim?**

☐ Yes          ☐ No

**Do you want to receive a six-month video subscription similar to the video found at www.americanregistry.com/video?**

☐ Yes          ☐ No

**State the facsimile number where the unsolicited advertisement from or on behalf of American Registry was received.**

_____

**State the name of legal entity which owns the facsimile number.**

_____

---

| *AUDIT* |
|---|

The parties and the Administrator have the right to audit all claims for completeness, accuracy and fraud.

| *VERIFICATION* |
|---|

**Filing false or fraudulent claims can result in criminal and/or civil penalties.**

**I declare or affirm, under penalty of perjury, that the information in this Claim Form is true and correct.**

**By filing this claim form, I agree to be bound by all of the terms, conditions and releases set forth in the Settlement Agreement.**

Signature: _____     Date: _____

---

| **Please keep a copy of your completed Claim Form for your records.** |
|---|

4823-8839-2732, v. 3

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| STEPHAN ZOURAS LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 14-cv-943 |
| Plaintiff, | ) ) | Magistrate Judge Young B. Kim |
| v. | ) ) | |
| AMERICAN REGISTRY LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AND FINAL FAIRNESS HEARING

*A Court authorized this notice. This is not a solicitation from a lawyer.*

### YOU ARE NOT BEING SUED.

**If you received an advertisement on a telephone facsimile machine from or on behalf of American Registry LLC or any of its predecessors or affiliated entities or individuals ("American Registry"), the proposed Settlement of a class action lawsuit may affect your rights.**
**Your legal rights may be affected whether you act or don't act.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | You get no benefit. You give up your rights. | |
| **SUBMIT A CLAIM FORM** | This is the only way to get a benefit. | The attached Claim Form must be fully completed under oath and postmarked no later than _____, 2015, subject to the qualifications and requirements addressed below. |
| **EXCLUDE YOURSELF** | You get no benefit under the Settlement. This is the only choice that will allow you to sue American Registry on your own about the claims discussed in this notice. | An exclusion request must be in writing and postmarked on or before _____, 2015, subject to the qualifications and requirements addressed below. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the Settlement. | An objection must be in writing, filed with the Court, and postmarked on or before _____, 2015, subject to the qualifications and requirements addressed below. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the Settlement, after you submit your | A Notice of Intention to Appear must be in writing, filed with the Court, and postmarked on or before _____, 2015 in |

| | objection. | addition to submitting a timely objection. |
|---|---|---|

The Court still has to decide whether to approve the Settlement. Benefits will be distributed if the Court approves the Settlement and after any appeals are resolved in favor of the Settlement. Please be patient.

If you do not exclude yourself from the Settlement Class, the proposed Settlement (if finally approved) will release certain claims and will affect your right to start or continue any other lawsuit or proceeding involving one or more facsimile advertisements from or on behalf of Defendant American Registry LLC.

## WHAT THIS NOTICE CONTAINS

PART I:    WHY YOU HAVE RECEIVED THIS NOTICE ............................................................3
  1.  WHY DID I RECEIVE THIS NOTICE? ....................................................................3
  2.  WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE? ....................3
  3.  WHAT DOES THE SETTLEMENT PROVIDE? .......................................................3
PART II:    DESCRIPTION OF THE SETTLEMENT CLASS ..................................................4
  4.  WHY IS THIS A "CLASS ACTION"? ....................................................................4
  5.  AM I A MEMBER OF THE SETTLEMENT CLASS? ..........................................4
  6.  ARE THERE EXCEPTIONS TO BEING INCLUDED? .......................................4
  7.  I'M STILL NOT SURE IF I'M INCLUDED. ..........................................................4
PART III:    DECISIONS YOU MUST MAKE NOW ..................................................................4
  8.  WHAT DO I NEED TO DO NOW? ..........................................................................4
  9.  WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS? ....5
  10.  DO I HAVE TO SIGN A RELEASE? ....................................................................5
  11.  WHAT IF I DO NOTHING? ....................................................................................5
PART IV:    SETTLEMENT BENEFITS – WHAT YOU CAN GET ..........................................6
  12.  WHAT CAN I GET FROM THE SETTLEMENT? ................................................6
  13.  HOW CAN I MAKE A CLAIM? ............................................................................6
  14.  WHAT IS THE CLAIM PROCESS? ......................................................................6
  15.  WHEN WILL I GET MY BENEFIT, IF ANY? ......................................................6
PART V:    FILING A LATER LAWSUIT MAKING SIMILAR CLAIMS ..............................7
  16.  CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS? ....................7
PART VI:    THE LAWYERS REPRESENTING THE SETTLEMENT CLASS ........................7
  17.  DO I HAVE A LAWYER IN THIS CASE? ............................................................7
  18.  HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE IN THIS ACTION BE PAID? ................8
PART VII:    EXCLUDING YOURSELF FROM THE SETTLEMENT ......................................8
  19.  HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT? ........8
  20.  WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS? ........9
  21.  IF I DON'T EXCLUDE MYSELF, CAN I SUE AMERICAN REGISTRY LATER? ........9
PART VIII:    OBJECTING TO THE SETTLEMENT ..................................................................9
  22.  HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT? ..........................9

23.     WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"? .................................... 10

PART IX:     THE COURT'S FINAL FAIRNESS HEARING ................................................................... 10

24.     WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ... 10

25.     DO I HAVE TO COME TO THE HEARING? ................................................................... 10

26.     MAY I SPEAK AT THE FINAL FAIRNESS HEARING? ................................................... 10

27.     WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL FAIRNESS HEARING? ..................................... 11

PART X:     GETTING ADDITIONAL INFORMATION ................................................................... 11

## PART I:     WHY YOU HAVE RECEIVED THIS NOTICE

**1.     WHY DID I RECEIVE THIS NOTICE?**

You received this notice because you may be eligible to receive benefit from the proposed Settlement of a class action lawsuit that was brought on behalf of individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of American Registry through [the date of preliminary approval.]

You are being sent this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about your rights and options, before the Court decides whether to approve the Settlement. If the Court approves the class action Settlement, and after any appeals are resolved in favor of the Settlement, the Settlement Administrator appointed by the Court will make the benefits that the Settlement allows. You will be informed of the progress of this Settlement and may receive benefit if you are a Settlement Class Member and submit a valid, timely, completed, and approved Claim Form.

This package explains: (1) this lawsuit; (2) the proposed Settlement; (3) your legal rights; (4) what benefits are available; (5) who is eligible for what benefits under the Settlement; (6) how to get a benefit; and (7) other important information.

The essential terms of the Settlement are summarized below. The Settlement Agreement sets forth in greater detail the rights and obligations of the Parties. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

**2.     WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE?**

This lawsuit alleges that American Registry violated the federal Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff alleges that American Registry and/or its affiliates sent faxes to unwilling recipients in an effort to market its products or services.

American Registry denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action. American Registry denies that the class is entitled to any relief whatsoever in the lawsuit, and believes it has meritorious defenses to liability. Among other things, American Registry argue that they only sent faxes to persons who wanted to receive them and that the faxes provided useful and valuable information to the recipients.

The Court has not ruled for or against either party.

Plaintiff has agreed to a settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiff and the proposed Settlement Class under the terms of this Agreement; (2) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Agreement promptly in order to provide effective relief to Plaintiff and the Settlement Class.

**3.     WHAT DOES THE SETTLEMENT PROVIDE?**

The Settlement Agreement provides:

(a)     benefits to Claimants for valid, timely, complete, and approved Claims;

(b)     claim notice and administration costs to the Settlement Administrator;

(c)     benefits to the Named Plaintiff for an Incentive Award as ordered by the Court; and

(d)     attorneys' fees and expenses to Class Counsel as ordered by the Court.

In return for the benefits in this Settlement, and if the Settlement is implemented, all Settlement Class Members will release American Registry and others as specified in the Settlement Agreement ("Released Parties") from the claims, and this Action will be dismissed with prejudice, among other terms.  For instructions on obtaining a full copy of the Settlement Agreement, see Part X below.

## PART II:     DESCRIPTION OF THE SETTLEMENT CLASS

### 4.     WHY IS THIS A "CLASS ACTION"?

The Court in charge of this case is the United States District Court for the Northern District of Illinois. The named person who sued is the Plaintiff, and the company it sued, is called American Registry LLC.

In a class action, one or more people, called named plaintiffs, sue on behalf of people who allegedly have similar claims. All these people constitute the Settlement Class or are Settlement Class Members. One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class or are otherwise not part of the Settlement Class.

### 5.     AM I A MEMBER OF THE SETTLEMENT CLASS?

With some limited exceptions described below, the Settlement Class is defined as:  All individuals or entities in the United States who, on or before [preliminary approval date], received from or on behalf of American Registry LLC or any of its predecessors or affiliated entities or individuals one or more unsolicited facsimile advertisements.

### 6.     ARE THERE EXCEPTIONS TO BEING INCLUDED?

The Settlement Class does not include the following persons or entities:

(a)     all persons who timely and validly request exclusion from the Settlement Class;

(b)     American Registry's officers, directors, and employees, and their immediate families; and

(c)     the judge presiding over this matter and other members of the judiciary.

### 7.     I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Settlement Class Member, you can call [phone number].

## PART III:     DECISIONS YOU MUST MAKE NOW

### 8.     WHAT DO I NEED TO DO NOW?

FIRST, you must decide now whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class. If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VII no later than _____, 2015. If you exclude yourself:

You will not be eligible for benefit under the Settlement.
You will not be able to object to the proposed Settlement and to appear at the Final Fairness Hearing.

-4-

You will **not** be bound by any orders or judgments entered in this case, if the proposed Settlement is approved.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed Settlement by filing a written objection with the Court and providing a copy to Settlement Class Counsel and American Registry's Counsel, as described below in Part VIII. You must **file** your objection with the Court. Your objection must be postmarked **no later than _____, 2015.**

Additionally, if you file an objection, you may also decide to appear and speak at the Court's Final Fairness Hearing regarding the Settlement of this lawsuit. If you wish to appear and speak at the Court's Final Fairness Hearing, you must have first submitted an objection (as described in Part VIII) and, in addition, file and serve a Notice of Intention to Appear at the Final Fairness Hearing that is received by **_____, 2015** as described in response to Part IX, Question 27, below.

**THIRD**, if you remain a Settlement Class Member, you can complete and submit a Claim Form, which **must be postmarked no later than_____, 2015**.

## 9.     WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

If you choose to remain in the Settlement Class, you may submit a Claim Form and, if you qualify, receive benefits under the Settlement, but you and all Settlement Class Members will be deemed to give American Registry and the Released Parties the Release set forth in the Settlement Agreement, and you will also be bound by all orders, injunctions, and judgments entered in the Action, whether favorable or unfavorable. You will not be able to start, continue, or otherwise participate in any other claim, lawsuit, or other proceeding against American Registry if those claims are included among those released in the Settlement Agreement.

## 10.     DO I HAVE TO SIGN A RELEASE?

No. If you remain in the Settlement Class, you will automatically release American Registry and the Released Parties from any claims and will give up your rights to pursue or continue any action against American Registry and the Released Parties relating to one or more facsimile advertisements received from or on behalf of American Registry. Settlement Class Members will release a wide range of claims in order to receive the benefits in the Settlement Agreement. A word- for-word copy of the Release section from the Settlement Agreement is available by reviewing the Settlement Agreement**.**  Instructions for obtaining a complete copy of the Settlement Agreement are contained in Part X below.

## 11.     WHAT IF I DO NOTHING?

If you do nothing, you will not get benefits from the Settlement, but, if you are a Settlement Class Member, you will be bound by the Settlement's release. You must complete and mail a Claim Form on or before the deadline, which is **_____, 2015**, in order to be considered for benefits under the Settlement.

Unless you exclude yourself from the Settlement Class, if the Settlement is approved all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against American Registry in regard to the claims in this lawsuit, ever again, regardless of whether you submit a Claim Form.

**PART IV:     SETTLEMENT BENEFITS – WHAT YOU CAN GET**

**12.     WHAT CAN I GET FROM THE SETTLEMENT**?

The benefit you may be entitled to receive under the proposed Settlement is: (i) $20.00 for each unique fax number you or your company owned or subscribed to, which received an advertising fax from American Registry without your prior express consent; and (ii) one six-month video subscription advertising your achievement. The benefit for each Class member shall be subject to the adjustments, procedures, and validity of the claim as determined by the Settlement Administrator pursuant to the Settlement Agreement.

**13.     HOW CAN I MAKE A CLAIM?**

To receive a benefit under the Settlement, you must fully complete the attached Claim Form under oath and return it to the Settlement Administrator by the deadline set forth in this Notice. Please carefully read the instructions and certification on the Claim Form, fill out the form completely and accurately, and submit the form to the Settlement Administrator by U.S. mail postmarked no later than _____, **2015**.

**14.     WHAT IS THE CLAIM PROCESS?**

You will be eligible for benefits provided that you are a Settlement Class Member and you complete and timely submit the Claim Form and any additional documentation, if any, as requested by the Settlement Administrator. **Claim Forms must be returned by U.S. mail postmarked no later than _____, 2015**. Claim forms may list more than one qualifying fax number.  However, no Claimant may submit more than one Claim for the same unique fax number.

Failure to complete the Claim Form and/or inability to timely comply with requests from the Settlement Administrator will result in disqualification of your Claim(s), in the sole discretion of the Settlement Administrator.

Shortly after receiving your Claim Form, the Settlement Administrator will review and assess the Claim Form. If a Claim is valid, timely, completed and approved, the Settlement Administrator will process that Claim in accordance with the terms of the Settlement Agreement. If a Claim Form is deficient, the Settlement Administrator will reject the Claim. The Notice and Settlement Administrator shall take any reasonable steps to prevent fraud and abuse in the Claim Process, including, among others, denying claims in whole or in part to prevent actual or possible fraud or abuse. The Settlement Administrator's determination of a Claim is final and may not be appealed by Claimant.

**15.     WHEN WILL I GET MY BENEFIT, IF ANY?**

The Court will hold a Final Fairness Hearing on _____, 2015 at _____ __.m. Central Time to decide whether or not to approve the proposed Settlement. The Court must finally approve the proposed Settlement before any benefits can be made. The Court will grant its approval only if it finds that the proposed Settlement is fair, reasonable, and adequate. If the Court grants final approval and there are no appeals from that Final Approval Order, benefits should be paid within 60 days after the Effective Date or Claims Period, whichever is later. However, the Court's order may be subject to appeals. It is always uncertain whether these appeals can be resolved, and resolving them takes time, sometimes more than a year. Finally, there remains a possibility that this Settlement may be terminated for other reasons. Everyone who sends in a Claim Form will be informed of the progress of the Settlement.  Please be patient.

## PART V: FILING A LATER LAWSUIT MAKING SIMILAR CLAIMS

### 16. CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

No. If you do not exclude yourself from the Settlement by timely filing a Notice of Exclusion as set forth herein, and thus remain a member of the Settlement Class and the Settlement is finally approved, you will be automatically enjoined and barred from initiating or continuing any lawsuit or other proceeding related to one or more facsimile advertisements from or on behalf of American Registry.

As part of this Settlement, the Court has preliminarily enjoined all Settlement Class Members and/or their representatives (who do not timely exclude themselves from the Settlement Class) from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as Settlement Class Members or otherwise against American Registry (or against any of its related parties or affiliates) for one or more facsimile advertisements from or on behalf of American Registry, and/or from receiving any benefits from any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, in the class action.

The Court has also preliminarily enjoined all persons from filing, commencing, or prosecuting a lawsuit against American Registry (or against any of its related parties or affiliates) for the receipt of one or more facsimile advertisements from or on behalf of American Registry as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, arising out of, based on, or relating to the claims, causes of action, facts, and/or circumstances relating thereto, in the class action.

## PART VI: THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 17. DO I HAVE A LAWYER IN THIS CASE?

The Court has designated attorneys at the law firm of **Siprut PC** to represent you and the other Settlement Class Members in this lawsuit. The lawyers representing you and the Settlement Class Members are called "Settlement Class Counsel." **You will not be charged for the services of Settlement Class Counsel. American Registry shall pay the entire Attorneys' Fees and Expenses awarded by the Court, consistent with the terms of the Settlement Agreement.**

You may contact Settlement Class Counsel about this lawsuit and proposed Settlement at the following address:

Joseph J. Siprut

Siprut PC

17 North State Street

Suite 1600

Chicago, Illinois 60602

(312) 236-0000 – Telephone

(312) 878-1342 – Facsimile

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will have to pay his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer.

## 18. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE IN THIS ACTION BE PAID?

Settlement Class Counsel have prosecuted this case on a completely contingent fee basis and have not been paid anything to date for their services. Settlement Class Counsel will make an application for an award of Attorneys' Fees and Expenses not to exceed One Hundred Seventy-Five Thousand Dollars ($175,000), which shall be the sole aggregate compensation from American Registry for all attorneys representing Plaintiff and the Settlement Class.

Settlement Class Counsel also will petition the Court for an Incentive Award of up to $2,000 for the Named Plaintiff. The purpose of such an award, if any, shall be to compensate the named plaintiff /class representative for efforts and risks taken on behalf of the Settlement Class.

American Registry shall pay the Named Plaintiff's Incentive Award identified above not later than three (3) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within three (3) business days after the Effective Date of the Settlement. American Registry shall separately pay the Attorneys' Fees and Expenses identified above not later than fifteen (15) months after the Effective Date of the Settlement. American Registry shall not be liable for or obligated to pay any fees, expenses, costs, or disbursements to, or incur any expense on behalf of, any person or entity, either directly or indirectly, in connection with the Settlement Agreement, other than the amount or amounts expressly provided for in the Settlement Agreement.

### PART VII:   EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a benefit from this Settlement, but you want to keep the right to sue or continue to sue American Registry on your own with regard to the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or "opting out" of the Settlement Class.

## 19. HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator. To exclude yourself from the Settlement, you must send a letter by mail. Your exclusion request letter must be sent by U.S. mail and **postmarked** no later than _____, **2015**. Send your letter to:

[Claims Administrator Mailing Address]

Your letter requesting exclusion must include the following information in order to be effective:

(1)    your name;
(2)    your current mailing address and telephone number;
(3)    a statement that you received one or more facsimile advertisements from American Registry;
(4)    a listing of the fax number or numbers at which you claim to have received the facsimile advertisements;
(5)    a statement that you wish to be excluded from the Settlement Class;
(6)    your signature; and
(7)    the case name and number: *Stephan Zouras LLP v. American Registry LLC*, Case No. 14-cv-943.

Please write "**EXCLUSION REQUEST**" on the lower left-hand corner of the *front* of the envelope.

**20.    WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?**

If you request exclusion from the Settlement Class, then:

> You will **not** be eligible for benefits under the proposed Settlement;
> You will **not** be allowed to object to the terms of the proposed Settlement, and
> You will **not** be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

However, if your request for exclusion is <u>late or deficient</u>, you will still be a part of the Settlement Class, you will be bound by the Settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.

**21.    IF I DON'T EXCLUDE MYSELF, CAN I SUE AMERICAN REGISTRY LATER?**

Not for the receipt of one or more facsimile advertisements from or on behalf of American Registry. If the Court approves the proposed Settlement and you do not exclude yourself from the Settlement Class, you release (give up) all claims related to the receipt of the facsimile transmissions.

**PART VIII:   OBJECTING TO THE SETTLEMENT**

You have the right to tell the Court that you do not agree with the Settlement or any or all of its terms.

**22.    HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?**

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed Settlement. The Court will consider your views.

To object, you must send a letter saying that you object to the proposed Settlement in *Stephan Zouras LLP v. American Registry LLC*, Case No. 14-cv-943. Your written objection must include:

(1)    your name;
(2)    your current mailing address and telephone number;
(3)    a listing of the fax number or numbers at which you claim to have received the facsimile advertisements;
(4)    a written statement of your objection(s), including any legal support and/or any supporting evidence;
(5)    a statement of whether you intend to appear and argue at the Final Fairness Hearing;
(6)    your signature; and
(7)    the case name and number: *Stephan Zouras LLP v. American Registry LLC*, Case No. 14-cv-943.

If you choose to object, in order to be considered by the Court, your written objections must be **filed with the Court, and copies must be sent by U.S. mail to all of the following recipients postmarked no later than _____, 2015**:

| COURT | SETTLEMENT CLASS COUNSEL | AMREICAN REGISTRY COUNSEL |
|---|---|---|
| Clerk of the U.S. District Court Northern District of Illinois Everett McKinley Dirksen Building 219 South Dearborn Street Chicago, Illinois 60604 | Joseph J. Siprut Siprut PC 17 North State Street, Suite 1600 Chicago, Illinois 60602 | Jason Stiehl Seyfarth Shaw LLP 131 S. Dearborn Street, Suite 2400 Chicago, Illinois 60603 |

You (and/or your attorney) may, at your own expense, review materials applicable to this Action. Those documents will be made available by appointment with Settlement Class Counsel during regular business hours at a place designated by Settlement Class Counsel. To obtain access to certain materials you (and/or your attorney) must first sign a Confidentiality Agreement, which Settlement Class Counsel will provide.

If you file objections, but the Court approves the Settlement as proposed, you can still complete a Claim Form to be eligible for benefit under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

## 23. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you don't like something about the Settlement. You can only object if you stay in the Settlement Class. If you object to the Settlement, you still remain a member of the Settlement Class and you will still be eligible to submit a Claim Form. You will also be bound by any subsequent rulings in this case and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the Court that you don't want to be a part of the Settlement Class. If you exclude yourself, you have no basis to object to the Settlement and appear at the Final Fairness Hearing because it no longer affects you.

| PART IX: | THE COURT'S FINAL FAIRNESS HEARING |
| --- | --- |

The Court will hold a final hearing (called a Final Fairness Hearing or a Final Approval Hearing) to decide whether to finally approve the Settlement.

## 24. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On _____, 2015, at _____ ___.m. Central Time, the Court will hold a Final Fairness Hearing in Courtroom 1919, United States District Court for the Northern District of Illinois located at 219 South Dearborn Street, Chicago, Illinois 60604 before the Honorable Robert M. Dow, Jr.

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for settlement purposes; whether to approve the proposed Settlement as fair, reasonable, and adequate; whether to award attorneys' fees and costs to Settlement Class Counsel; whether to award the Named Plaintiff an award for its services; and related settlement issues.

## 25. DO I HAVE TO COME TO THE HEARING?

No. Settlement Class Counsel will answer questions the Court may have at the Final Fairness Hearing. But you are welcome to come at your own expense. Please note that the Court has the right to change the date and/or time of the Final Fairness Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

## 26. MAY I SPEAK AT THE FINAL FAIRNESS HEARING?

Yes, if you have filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear."

-10-

**27.     WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL FAIRNESS HEARING?**

If you are a member of the Settlement Class, and you (or your attorney) want to appear and speak at the Final Fairness Hearing, you (or your attorney) must have submitted a written objection and must file a **Notice of Intention to Appear at the Final Fairness Hearing** with the Clerk of the Court, and deliver that Notice to the attorneys for both sides, at the addresses listed above. **Your Notice of Intention to Appear at the Final Fairness Hearing must be filed with the Court, and copies must be sent by U.S. mail to the Court, American Registry's Counsel, and Settlement Class Counsel, at the addresses specified in Part VIII, Question 22 above, postmarked no later than _____, 2015.**

If you file objections and appear at the Final Fairness Hearing, but the Court approves the Settlement as proposed, you can still complete a Claim Form to be eligible for benefit under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

## PART X:     GETTING ADDITIONAL INFORMATION

This description of the case is general and does not cover all of the issues and proceedings.  To see the complete file, including a copy of the full Settlement Agreement, you may visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604.  The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.

You can also call the Claims Administrator at [phone number] for more information or to obtain a copy of the Settlement Agreement.

You may also direct your questions to Settlement Class Counsel, whose name, address and phone number is listed in Part VI, Question 17 of this Notice.

### PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT

Dated: _____                The Honorable Young B. Kim, United States District Court Magistrate Judge

4830-1898-0124, v. 1