# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHAN ZOURAS LLP, an Illinois limited liability partnership, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN REGISTRY LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 14-cv-943 <br><br> Magistrate Judge Young B. Kim |

## AFFIDAVIT OF JOSEPH J. SIPRUT

I, Joseph J. Siprut, declare:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated.

2. I am admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois, and other federal district courts. I am one of the attorneys for Plaintiff and the Settlement Class. I make this declaration in support of Plaintiff's Combined Motion for Final Approval of Class Action Settlement and Response to Objections. If called as a witness, I would and could testify to the following:

3. I am the managing partner of the law firm of Siprut PC (herein "Siprut PC" or "Class Counsel"). I have personally been involved in the entirety of the prosecution of this class action lawsuit (the "Action").

4. Plaintiff filed its class action complaint ("Complaint") on February 11, 2014 against American Registry LLC ("American Registry"). The case is currently pending before this

Court. On behalf of itself and a proposed class all individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of Defendant American Registry, LLC or who own the fax machines on which the facsimiles were received. The Settlement Class does not include: (1) American Registry and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members; (2) Class Counsel; and (3) the judges who have presided over the Action.

5. After receiving service of process, American Registry contacted Plaintiff in February 2014. Between February and April 2014, the Parties had an extensive series of communications in which they voluntarily exchanged information, discussed and exchanged viewpoints on the law, and had a number of specific conversations regarding American Registry's specific defenses to liability and class certification. (*Id.*)

6. On March 7, American Registry filed an unopposed motion for an extension of time to file its response to the Complaint. (Docket No. 12.) On April 7, American Registry filed its Answer and Affirmative Defenses. (Docket No. 16.) Meanwhile, the Parties continued their discussions.

7. On April 21, the Parties filed a Joint Initial Status Report wherein the Parties proposed a discovery schedule and requested a settlement conference. (Docket No. 20.) At the initial status hearing on April 24, District Judge Robert M. Dow, Jr. entered a discovery schedule and referred the Action to Magistrate Judge Young B. Kim for a settlement conference. (Docket No. 21.)

8. On April 28, Plaintiff moved to strike portions of American Registry's Answer and Affirmative Defenses. (Docket No. 24.) Plaintiff's motion was eventually stricken by Judge Dow, following the Parties reaching an agreement on settlement. (Docket No. 36.)

9. On May 2, Magistrate Judge Kim held a preliminary telephonic settlement conference with the Parties and scheduled an in-person conference for June 25. (Docket No. 26.) Magistrate Judge Kim instructed the Parties to conduct necessary discovery to better assess their settlement positions and to submit the settlement position statements in accordance with the Court's standing order on "Settlement Conferences." (*Id.*)

10. On May 7, Judge Dow vacated the discovery schedule (Docket No. 27), and on May 15, Judge Dow continued Plaintiff's motion to strike while the Parties explored settlement discussions with Magistrate Judge Kim. (Docket No. 28.)

11. In advance of the in-person settlement conference scheduled before Magistrate Judge Kim, the Parties exchanged settlement position statements outlining their respective claims and defenses.

12. On June 25, the Parties appeared for a settlement conference with Magistrate Judge Kim. (Docket No. 30.) During the conference, the Parties discussed their legal positions, including the strengths and weaknesses of their arguments. The Parties also discussed American Registry's limited financial capability of providing meaningful class-wide relief. (*Id.*) Up to this time, American Registry refused to explore settlement on a class-wide basis. (*Id.*) After nearly five hours of negotiations, the Parties concluded the conference optimistic of a potential settlement on a class-wide basis. (*Id.*) Magistrate Judge Kim continued the settlement conference to July 9. (Docket No. 30.)

13. During the July 9 settlement conference, Plaintiff reported that it needed additional time to consider American Registry's last settlement offer. (Docket No. 33.) The Parties continued to exchange proposals on a settlement framework that would provide class-wide relief. The Parties continued their negotiations thereafter, finally reaching agreement on all

materials terms of the settlement in July 2014. (*Id.*)[1] At the follow-up status on July 16, the Parties reported to Magistrate Judge Kim that they reached an agreement in principle. (Docket No. 34.) The Parties then spent several more weeks exchanging drafts of a final, written settlement agreement. After many exchanges of drafts and edits, the Parties were finally able to agree to the form and content of a settlement agreement in October 2014 that was fully executed on November 4, 2014. (Docket No. 44-1 at 32.)

14. On November 11, Plaintiff filed its Motion for Preliminary Approval of Class Action Settlement. (Docket No. 44.) The Court granted Plaintiff's Motion and entered a Preliminary Approval Order on November 14. (Docket No. 48.) The Court has set the Final Fairness Hearing for April 13, 2015, at 9:00 a.m. with papers in support thereof due on April 6, 2015. (*Id.* at ¶¶26, 28.)

15. On January 5, 2015, Plaintiff submitted its Motion for Attorneys' Fees and Costs. (Docket No. 49.) That motion remains pending.

16. On January 21, Scott A. Kron, Esq.'s objection to the proposed settlement was filed with the Court. (Docket No. 51.) Kron raised five reasons why he objected to the settlement. (*Id.*) Because Kron's objections are tenuous and unclear, on February 17, Plaintiff sought leave to depose Kron, pursuant to the Preliminary Approval Order. (Docket No. 52.) After hearing argument on the motion for leave, the Court granted the motion, but limited the deposition to three hours. (Docket No. 56.) On March 23, Plaintiff deposed Kron.

17. The Settlement is designed to afford each Class Member the opportunity to receive $20.00 cash, in-kind relief valued at a $149, and injunctive relief. Information obtained suggests that up to 356,819 individuals or entities were sent faxes regarding American Registry's

---

[1] In Plaintiff's Motion for Preliminary Approval (Docket No. 44), Plaintiff inadvertently reported that the Parties reached an agreement in principle in October 2014.

products and services. Due to American Registry's recordkeeping practices, it is unclear whether each of these individuals or entities actually received fax advertisements from American Registry. Nevertheless, American Registry agreed to provide Notice to all potential class members identified in its sales database and has agreed to honor all claims.

18. I have substantial experience in complex business litigation and class actions. My Firm, Siprut PC, substantially concentrates its practice in the prosecution of class actions. My Firm's resume is attached hereto as Exhibit A.

19. Throughout this litigation, my Firm has diligently prosecuted this matter, dedicating substantial resources to the investigation and litigation of the claims at issue, and has successfully negotiated the settlement of this matter to the benefit of the proposed Settlement Class. Neither my firm nor Plaintiff have any interests antagonistic to the interests of the other Settlement Class members.

20. My Firm has also provided a settlement website at its own expense: www.americanregistryfaxsettlement.siprut.com. Relevant documents including, but not limited, the Class Notice, Claim Form, Settlement Agreement, Preliminary Approval Order, are posted on the website. The applicable deadlines are also posted on the website.

21. Plaintiff and Class Counsel believe that the claims asserted against American Registry in this litigation have merit. However, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against American Registry through trial and appeals. Plaintiff and Class Counsel have also taken into account the uncertainty and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. This litigation involves complex class issues, which would involve protracted and risky litigation if

-6-

not settled. Moreover, in the event of any judgment against American Registry, an appeal could postpone any recovery for several years.

22.     The Settlement Agreement, and the terms thereof, were reached after rigorous advocacy and extensive negotiations, in which I participated directly. Plaintiff and Class Counsel believe that the terms set forth in the Settlement Agreement confer substantial benefits upon the proposed Settlement Class, and is a fair, reasonable, and adequate resolution of the Class' claims against American Registry. As such, the Settlement is entitled to a Final Order and Judgment.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on April 6, 2015 at Chicago, Illinois.

*/s/ Joseph J. Siprut*
Joseph J. Siprut

4817-6142-1346, v. 1